O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. IVAN L. MENDEZ, | Case No. CV 11-7758-JFW (DTB) |
| Plaintiff, | |
| vs. | ORDER SUMMARILY DISMISSING ACTION |
| THE CONNECTED WIRED MEMBERS, et al., | |
| Defendants. | |

Plaintiff, a prisoner currently incarcerated at the James T. Vaughn Correctional Center located in Smyrna, Delaware, lodged for filing a pro se complaint herein on September 20, 2011. On September 21, 2011, plaintiff filed an inmate trust account statement. On September 28, 2011, the Court granted plaintiff leave to proceed in forma pauperis. Plaintiff's Complaint was filed in this action on September 28, 2011. Even though plaintiff's Complaint was submitted on the approved Central District Civil Rights Complaint form, plaintiff did not provide the Court with his previous federal lawsuit history. In accordance with the terms of the "Prison Litigation Reform Act of 1995," the Court screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who

was immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b). On October 3, 3011, the Court dismissed the Complaint with leave to Amend. Plaintiff's First Amended Complaint was due on or before November 3, 2011. Plaintiff failed to file his First Amended Complaint within the allotted time, nor did he request an extension of time within which to do so. On December 13, 2011, the Court issued an Order to Show Cause ordering plaintiff to show cause as to why the Court should not order the action dismissed due to his failure to timely file his First Amended Complaint. Plaintiff failed to timely file a response to the Order to Show Cause, and did not request an extension of time within which to do so.

However, on December 12, 2011, in Case No. CV11-4934-JFW (DTB), which is also pending before this Court,[1] plaintiff filed a document entitled "Notice of Filing" wherein he attached correspondence and docket sheets referencing seven cases he had previously filed in other various United States District Courts, including the Districts of Utah, Iowa, Arizona, Idaho, Alaska, South Dakota and Texas.

Pursuant to the Prison Litigation Reform Act, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Thereafter, on December 27, 2011, the Court issued an Order to Show Cause ("OSC") ordering plaintiff to show cause as to why the order granting him in forma pauperis status in this matter should not be vacated, and that the action be dismissed without prejudice pending payment of the full filing fee of $350.00, in light of the information regarding plaintiff's prior "strikes" under 28 U.S.C. § 1915(g).

---

[1] Plaintiff currently has 9 cases pending in this District, and in each case, plaintiff states his inmate identification number as 453351.

1       The Court informed plaintiff in the OSC that it had ascertained that plaintiff had
2 previously filed numerous federal lawsuits in a variety of federal judicial districts, and
3 that, in at least five (5) of these prior cases, courts had dismissed plaintiff's actions on
4 the grounds that the complaints were frivolous, malicious, or failed to state a claim
5 upon which relief may be granted. Specifically, the Court noted the following: (1) In
6 <u>Mendez v. United States Justice System</u>, 04-CV-898-JJF (D. Del. March 30, 2005
7 Order) the action was dismissed after the court found that the complaint was frivolous;
8 (2) in <u>Mendez v. James T. Vaughn Correctional Center</u>, 05-CV-303-JJF (D. Del., Dec.
9 1, 2005 Order) the action was dismissed after the court found plaintiff could not state
10 a claim and noted that plaintiff's allegations were "vague, unspecified and rise to the
11 level of the wholly irrational"; (3) in <u>Mendez v. Delaware Legal System</u>, 05-CV- 304-
12 JJF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding plaintiff
13 could not state a claim and noted that "plaintiff's allegations are nonsensical"; (4) in
14 <u>Mendez v. Delaware State</u>, 05-CV-305-JFF (D. Del., Dec. 1, 2005 Order) the court
15 dismissed the action after finding plaintiff could not state a claim; and (5) in <u>Mendez
16 v. Delaware Psychiatric Center</u>, 05-CV-306-JJF (D. Del., Dec. 1, 2005 Order) the
17 court dismissed the action after finding that plaintiff could not state a claim. <u>See</u> also
18 <u>Mendez v. Kemp</u>, 08-CV-443-JJF (D. Del. July 30, 2009 Order) (citing four of
19 plaintiff's previous cases as strikes pursuant to 28 U.S.C. § 1915(g) and dismissing
20 case pursuant to § 1915(g)); <u>see</u> <u>also</u> <u>Mendez v. One of the Connected Wired
21 Members of this Criminal Organization</u>, 10- CV-142-JP (E.D. Pa. Jan. 22, 2010
22 Order) (same). In each of the cases cited herein, plaintiff alleged that he was
23 incarcerated at the time the action was filed. The Court attached as exhibits to the
24 OSC copies of the orders of dismissals from each of the above-referenced cases.
25       On January 24, 2012 plaintiff filed his Response to the OSC. The Response
26 was virtually impossible to decipher, and essentially failed to address the facts raised
27 by the Court in the OSC. For example, plaintiff stated "I don't have anymore copies
28 of these wrotten [sic] mind and brain washings . . . and I have requested them back

too, . . . for [sic] soon as I have paper and envelopes I will [sic] going to request the recorded video tapes." (Response at 1.) Plaintiff attached to his Response the Court's OSC along with the exhibits thereto showing the five prior cases which were dismissed pursuant to 28 U.S.C. § 1915(g).

The Court, after reviewing plaintiff's Response, found that plaintiff had failed to show cause as to why his in forma pauperis status in this matter should not be revoked pursuant to §1915(g), as plaintiff has had, on at least five prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous or because it failed to state a claim upon which relief could be granted. Accordingly, in an order dated February 1, 2012, the Chief District Judge revoked plaintiff's in forma pauperis status, and ordered him to pay the full filing fee of $350.00 on or before February 10, 2012. Plaintiff was admonished that his failure to pay the full $350.00 filing fee by February 10, 2012, could result in this action being dismissed without prejudice pending payment of the full filing fee.

As plaintiff has failed to pay the full filing fee of $350.00, within the time allotted, the Court hereby DISMISSES this action, without prejudice, pending payment of the full filing fee.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 5, 2012

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge